15 CV 03883

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CHAD SEIBER, individually and on behalf of all other
persons similarly situated who were employed by
AMERICAN EXPRESS TRAVEL RELATED SERVICES
COMPNAY, INC. D/B/A AMERICAN EXPRESS D/B/A
AMEX, AND YET UNKNOWN JOHN DOES 1-X,

                                    Plaintiffs,

                -against-

AMERICAN EXPRESS TRAVEL RELATED SERVICES
COMPANY, INC. d/b/a AMERICAN EXPRESS, d/b/a
AMEX, JING WANG, individually, and JOHN
DOES 1-X,

                                    Defendants.
-------------------------------------------------------------X

**CIVIL ACTION**

**COLLECTIVE / CLASS
ACTION COMPLAINT**

Docket No.:

**JURY TRIAL DEMANDED**

RECEIVED
MAY 20 2015
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff CHAD SEIBER, on behalf of himself and on behalf of all others similarly

situated and yet unknown John Does 1-X, by and through their attorneys, MARZEC LAW

FIRM, P.C. as and for his Complaint against AMERICAN EXPRESS TRAVEL RELATED

SERVICES COMPANY, INC. d/b/a AMERICAN EXPRESS, d/b/a AMEX ("AMEX"), JING

WANG ("WANG"), individually, and John Does 1-X, collectively ("Defendants"), respectfully

alleges upon information and belief as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action on behalf of himself and all other similarly-situated

Senior Managers of AMEX to remedy defendants violation of the Family Medical Leave Act

("FMLA") under 29 U.S.C. 2601, *et seq.* and 29 U.S.C. 825.700(a) and intentional creation of a

hostile work environment, unlawful discrimination, refusal to grant plaintiff a reasonable

accommodation, unlawful harassment, unlawful discrimination based on Plaintiff's disability, in

violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

("Title VII"), Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. § 12122 *et seq.*,

1

Executive Law of the State of New York, New York State Human Rights Law ("Executive Law" or "NYSHRL"), § 296 *et seq.*, and Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code" or "NYCHRL") § 8-101 *et seq.*

2.    This action is also brought to remedy defendants' race discrimination in violation of Title VII of the Civil Rights Act of 1964, NYSHRL and NYCHRL and sexual orientation discrimination in violation of the NYSHRL and the NYCHRL.

## JURISDICTION AND VENUE

3.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343 and 1331. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims because these claims closely relate to Plaintiff's FMLA claims, having arisen from a common nucleus of operative facts, such that all claims form part of the same case or controversy.

4.    Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(ii), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(i), as the Defendant has offices and regularly conducts business in this District.

## JURY DEMAND

5.    Plaintiffs demand a trial by jury of all issues so triable in this action.

## ADMINISTRATIVE REMEDIES

6.    Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") EEOC Charge No. 520-2014-02660.

7.    On March 24, 2015 the EEOC issued a Right to Sue letter. Attached as **Exhibit A** is a true copy of the EEOC Right to Sue letter.

2

## PARTIES

8. Plaintiff is a 38 year old male and currently a resident of the State of Ohio.

9. Defendant AMEX was and still is a Domestic Corporation, duly existing under the laws of the State of New York with a business address of 200 Vesey Street, New York, New York.

10. Defendant AMEX is a business entity authorized to do business in the State of New York.

11. Defendant AMEX maintains its principal place of business in the State of New York.

12. Defendant Jing Wang (herein after also referred to as "WANG") was and still is a resident of the State of New York with an address of 200 Vesey Street, New York, New York..

13. That at all relevant times, Defendant WANG was employed by AMEX.

14. That at all relevant times, Defendant WANG was Plaintiff's supervisor and/or manager.

## STATEMENT OF FACTS

15. Mr. Seiber began his employment with Defendant AMEX on February 21, 2001 in Amex's Phoenix, Arizona office as a Manager in the International Card Business.

16. On or about April 5, 2012, Mr. Seiber accepted a position in AMEX's headquarters in New York City as a Senior Manager in the Enterprise Model Validation Group ("EMVG").

17. From April 5, 2012 up until on or about July 7, 2013, Plaintiff had a good working relationship at the New York location.

3

18.   In fact, Plaintiff was being supported for promotion and received an overwhelmingly positive mid-year review in 2013.

19.   On or about July 7, 2013, Plaintiff requested to take a leave of absence after the sudden death of his mother and his underlying mental health concerns.

20.   On or about July 15, 2013, Defendant WANG unreasonably denied Plaintiff's request to take unpaid time off.

21.   Thereafter, on the advice of Plaintiff's medical doctor, Plaintiff applied for leave pursuant to the Family Medical Leave Act ("FMLA").

22.   Plaintiff took a leave of absence on or about July 22, 2013.

23.   While on leave, Plaintiff received treatment at an inpatient mental health facility.

24.   As a result of his medical condition, the Plaintiff suffered from a "serious health condition" as that term is defined under the FMLA.

25.   Upon return from his FMLA leave, Plaintiff was assigned to the Canada Credit Loss Reserve (ALLL) validation group.

26.   Soon thereafter, a performance review based on a time frame were Plaintiff was only in attendance for the previous two weeks was conducted and showed Plaintiff receiving a significantly lower review from prior evaluations.

27.   The Plaintiff's FMLA leave was the basis for his receiving lower performance reviews.

28.   Plaintiff received a "2/3" rating on his performance review. The low rating, prohibited Mr. Seiber from transferring to a different business unit or team.

29.   For the year 2013, Plaintiff received a bonus of $7,100.00 while colleagues received bonuses ranging from $25,000.00 and $35,000.00 during the same year.

30.    Plaintiff received a meager 1.5% raise, while colleagues received raises between 3% and 5%.

31.    Defendants' adverse employment action towards Plaintiff constituted retaliation for exercising his rights under the FMLA.

32.    Plaintiff was also discriminated because of his race, sexual orientation and disability.

33.    WANG other supervisors of AMEX cultivated an environment that was discriminatory.

34.    Plaintiff is a white Caucasian male and openly gay.

35.    Plaintiff's sexual orientation made him an outcast at AMEX.

36.    Employees would regularly celebrate their significant life events with the division. When Plaintiff shared his upcoming engagement announcement, he was ridiculed.

37.    Plaintiff was discriminated because of his sexual orientation.

38.    During one conversation, on or about July 2, 2013, WANG is reported on having said that "Chad Seiber can take his honeymoon next year".

39.    Mr. Yang, a supervisor at AMEX, also made repeated statements that belittled Mr. Seiber's person due to his sexuality.

40.    Plaintiff's mental health issues, too, made him subject to discrimination by Defendants.

41.    Plaintiff's mental health issues were openly discussed at AMEX.

42.    Plaintiff's mental health issues were openly discussed in front of other employees of AMEX.

43. Plaintiff's mental health issues were openly discussed during team leadership meeting on or about September 1, 2013.

44. Furthermore, Plaintiff's being identified as of the white race made him an outcast at AMEX.

45. The EMVG supervisors and colleagues were of predominately Asian ethnic / racial background.

46. The EMVG supervisors began to force white and other non-Asian employees out from the unit, including by terminating them.

47. New members of the unit were predominately Asian and were notably underqualified for their positions.

48. On or about March 10, 2014, Plaintiff, after suffering months of discrimination, as a result of an environment that AMEX created, facilitated and condoned, was forced to resign.

49. Defendants' discrimination of Plaintiff was pursuant to a policy which was undertaken against other employees similarly situated to Plaintiff, who were also discriminated on the basis of their taking FMLA leave, sexual orientation, disability and race.

## COLLECTIVE ACTION ALLEGATIONS

50. Plaintiff brings this action on behalf of himself and all others current and former employees of Defendants who were discriminated against by Defendants based upon their taking FMLA leave, sexual orientation, disability and race.

51. Upon information and belief, this class of persons consists of not less than forty (40) persons.

6

52.    There are questions of law and fact common to the group, specifically whether the discrimination of Plaintiff and others similarly situated by Defendants is subject to the jurisdiction FMLA, NYSHRL and New York City Administrative Code. Only the amount of individual damages sustained by each former or current employee will vary.

53.    Plaintiff and Defendants' other employees are similarly situated insofar as Defendants instituted a policy to discriminate against Plaintiff and other employees.

54.    Plaintiff brings the FMLA and state law claims for relief herein individually and on behalf of all others similarly situated as collective action pursuant to the FMLA and common law, in respect to all claims that Plaintiff and all others similarly situated have against Defendants as a result of Defendants' violation of the laws as complained herein.

## CLASS ACTION ALLEGATIONS

55.    Plaintiff brings this action on behalf of himself and all other current and former employees of Defendants who were discriminated against by Defendants as a result of their taking FMLA leave, sexual orientation, disabilities and race.

56.    Upon information and belief, this class of persons consist of not less than forty (40) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23(a)(1).

57.    There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiff and others similarly situated by Defendants is subject to the jurisdiction and claims made herein. Only the amount of individual damages sustained by each class member will vary.

58.    The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

59.    Plaintiff will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

60.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23 (b)(3).

61.    Plaintiff brings the claims for relief herein on behalf of himself individually and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, in respect to all claims that Plaintiff and all others similarly situated have against the Defendants as a result of Defendants' violation of the FMLA, NYSHRL, discrimination claims, and New York Common Law.

## AS AND A FIRST CAUSE OF ACTION

## INTERFERENCE IN VIOLATION OF THE FMLA

62.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint with the same force and effect as if more fully set forth herein.

63.    The FMLA prohibits an employer from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any right guaranteed under the FMLA.

64.    Plaintiff and other similarly situated employees are "eligible employees" under the FMLA, and the corporate Defendant is a covered employer.

65.    Plaintiff and other similarly situated employees suffered from "serious health condition(s)" as defined by the FMLA.

8

66.    Plaintiff and other similarly situated employees requested qualified FMLA leave because of a serious health condition.

67.    Plaintiff and other similarly situated employees gave Defendants sufficient notice of intention to take leave under the FMLA.

68.    Defendants discriminated against Plaintiff and other similarly situated employees for having exercised rights guaranteed by the FMLA.

69.    Defendants willfully violated the FMLA by discriminating against Plaintiff and other similarly situated employees for having taken FMLA leave, including, receiving lower performance review scores than they would have received but for taking said leave.

70.    The low performance reviews had an adverse employment impact on Plaintiff and other similarly situated employees, including not being able to transfer to another department, receiving a lower bonus amount and lower salary increase.

71.    Defendants interfered with Plaintiff's and other similarly situated employees' rights under the FMLA.

72.    In addition, Defendants interfered with Plaintiff's and other similarly situated employees' rights under the FMLA.

73.    As a result of Defendants' unlawful actions in violation of the FMLA, Plaintiff and other similarly situated employees have suffered and will continue to suffer substantial losses, including the loss of past and future earnings, medical expenses, and other employment benefits, and have suffered other monetary damages and compensatory damages for mental anguish, emotional distress, humiliation, and loss of reputation and professional opportunities.

74.    Defendants lacked good faith belief or any reasonable ground to belief that their unlawful acts were in compliance with the FMLA. As such, Plaintiff and other similarly situated

employees are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FMLA's provisions.

## AS AND FOR A SECOND CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

75.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint with the same force and effect as if more fully set forth herein.

76.    Defendants violated ADA, 42 U.S.C. § 12122 et. seq. by engaging in, perpetuating and permitting supervisory and decision making employees to engage in, discriminatory employment practices in which plaintiff's disability was the motivating, if not the only, factor.

77.    Such discriminatory employment practices include but are not limited to denial of employment opportunities, denial of yearly bonus, denial of proper and reasonable accommodation and unlawful termination.

78.    As a direct and proximate result of the foregoing, plaintiff has suffered, and will suffer loss of back pay, front pay and benefits; he has incurred and will continue to incur medical expenses for treatment by mental health care professionals, and for other incidental expenses; and has suffered and will continue to suffer mental anguish, emotional distress and loss of enjoyment of life; and has incurred, and will incur damages thereby.

79.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A THIRD CAUSE OF ACTION

## RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

80.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint with the same force and effect as if more fully set forth herein.

81.    At all relevant times, Plaintiff was an "employee" of Defendant AMEX under 42 U.S.C. § 2000e(f) of Title VII. He was directly paid by and supervised by the individual Defendant.

82.    Upon information and belief, Defendant AMEX is an "employer" within the meaning of 42 U.S.C. § 2000e(b) of Title VII.

83.    Defendant AMEX is engaged in commerce within the meaning of the 42 U.S.C. § 2000e(g).

84.    By its actions detailed herein, Defendants discriminated against Plaintiff on the basis of his race.

85.    As a result of the discrimination described above, Plaintiff has suffered substantial loss of earnings as well as mental and emotional harm, anguish, and humiliation.

86.    Defendants conduct in discriminating against Plaintiff on the basis of his race was done with malice and with reckless indifference to Plaintiff's rights, entitling Plaintiff to punitive damages pursuant to 42 U.S.C. § 53.

## AS AND FOR A FOURTH CAUSE OF ACTION

## RACIAL DISCRIMINATION IN VIOLATION OF NYSHRL

87.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint with the same force and effect as if more fully set forth herein.

88.    At all relevant times, Plaintiff was an "employee" of Defendant AMEX under the New York State Human Rights Law, N.Y. Exec. Law § 292 (6).

89.    Upon information and belief, Defendant AMEX is an "employer" under the New York State Human Rights Law, N.Y. Exec. Law § 292 (5).

90.    By its actions detailed above, Defendants discriminated against Plaintiff on the basis of her race is assigning Plaintiff and her peers to projects in violation of Section 296 of the New York State Human Rights law.

91.    As a result of the willful discrimination described above, Plaintiff suffered substantial loss of earnings and benefits. Accordingly, Defendants are liable to Plaintiff for loss of earnings in an amount as yet undetermined, mental and emotional anguish, plus interest and costs.

## AS AND FOR A FIFTH CAUSE OF ACTION

## RACIAL DISCRIMINATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

92.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of the complaint with the same force and effect as if more fully set forth herein.

93.    Plaintiff is a "person" under § 8-102(1) of the New York City Human Rights Law.

94.    Upon information and belief, Defendant AMEX is an "employer" subject to the provisions of the New York City Human Rights Law under § 8-102(5) of the Administrative Code.

95.    By their actions detailed above, Defendants discriminated against Plaintiff on the basis of his race in discriminating against Plaintiff and others similarly situated in violation of the New York City Human Rights Law.

96.    As a result of the discrimination described above, Plaintiff has suffered substantial damages, including loss of earning, emotional distress, and mental anguish, in amount to be determined at trial.

97.    Defendants actions in discriminating against Plaintiff on the basis of his race in assigning Plaintiff and her peers to projects were taken with reckless indifference to Plaintiff's rights, entitling her to punitive damages under the New York City Human Rights Law.

## AS AND FOR A SIXTH CAUSE OF ACTION

## RETALIATION IN VIOALTION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

98.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint with the same force and effect as if more fully set forth herein.

99.    At all relevant times, Plaintiff was an "employee" of Defendant AMEX under 42 U.S.C. § 2000e(f) of Title VII. He was directly paid and supervised by the individual Defendant.

100.    Upon information and belief, Defendant AMEX is an "employer" within the meaning of 42 U.S.C. § 2000(e)(b) of Title VII.

101.    Defendant AMEX is engaged in commerce within the meaning of 42 U.S.C. § 2000e(g).

102.    By its actions detailed above, Defendant AMEX retaliated against Plaintiff on the basis of his complaint of race discrimination and his requested accommodation and constructively terminating his employment.

103.    As a result of the retaliation described above, Plaintiff has suffered a substantial loss of earning and benefits both in the past and in the future as well as mental and emotional harm, anguish and humiliation. As a result, Plaintiff is entitled to back pay, front pay, and emotional damages, plus interest, costs and attorneys' fees.

104.    Defendants' conduct in retaliating against Plaintiff was done with malice and with reckless indifference to Plaintiff's rights, entitling Plaintiff to punitive damages pursuant to 42 U.S.C. § 1981a.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF NYSHRL

105.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint with the same force and effect as if more fully set forth herein.

106.    Defendants discriminated against Plaintiff and other similarly situated employees on the basis of his actual disability in violation of the NYSHRL, including but not limited to, encouraging Plaintiff to not take medically necessary leave time as a condition of his continued employment with Defendants.

107.    These actions subjected Plaintiff and other similarly situated employees to disparate working conditions and denied him and others similarly situated the opportunity to work in an employment setting free of unlawful discrimination and harassment.

108.    As a direct and proximate result of Defendants unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff and other similarly situated employees have suffered, and continue to suffer, monetary and/or economic harm, for which he is entitled to an award of monetary damages and other relief.

109.    As a direct and proximate result of Defendants unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff and other similarly situated employees have suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-

14

confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

## AS AND FOR A EIGHTH CAUSE OF ACTION

## DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

110.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

111.    The Administrative Code of City of NY § 8-107 [1] provides that "It shall be unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

112.    Defendants engaged in unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff and other similarly situated employees because of sexual orientation, race, marital status, disability and/or perceived disability.

## AS AND FOR A NINTH CAUSE OF ACTION

## DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

113.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

15

114.    The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice:

"For an employer...to discharge...or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter..."

115.    Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1) by discriminating against the Plaintiff and other similarly situated employees because of Plaintiff's and other similarly situated employees opposition to the unlawful employment practices of Plaintiff's and other similarly situated employees employers.

## AS AND FOR A TENTH CAUSE OF ACTION
## DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

116.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

117.    The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice:

"For any person to aid, abet, incite, compel; or coerce that doing of any of the acts forbidden under this chapter, or attempt to do so."

118.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful, and retaliatory conduct.

## AS AND FOR A ELEVENTH CAUSE OF ACTION

## DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE

## CODE

119.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

120.    Pursuant to New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

121.    Defendants violated the herein section as set forth herein.

## AS AND FOR A TWELFTH CAUSE OF ACTION

## DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE

## CODE

122.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

123.    New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a.    An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

17

b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

    i. The employee or agent exercised managerial or supervisory responsibility; or

    ii. The employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

    iii. The employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

124.    Defendants violated the herein section as set forth herein.

## INJURY AND DAMAGES

125.    As a result of the acts and conduct complained of herein, Plaintiff and other similarly situated employees have suffered and will continue to suffer the loss of a career and the loss of a salary, bonuses, benefits and the other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff and other similarly situated employees have also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to reputation,

loss of enjoyment of life, and other non-pecuniary losses. Plaintiff and other similarly situated employees have further experienced severe emotional and physical distress.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practice by the New York Administrative Code Title 8, §8-107 et Seq., and relevant statutes, and interfered with the protection provided under the FMLA; and that the Defendants harassed, discriminated against, discharged, and retaliated against Plaintiff and other similarly situated employees on the basis of sexual orientation, disability and/or perceived disability, retaliation, and retaliation for taking FMLA leave;

B. Awarding damages to the Plaintiff and other similarly situated employees, retroactive to the date of discharge, for all lost wages and benefits, past and future, back and pay and front pay, resulting from Defendants' unlawful constructive termination of employment and to otherwise make Plaintiff and other similarly situated employees, whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff and other similarly situated employees compensatory damages for mental, emotional and physical injury, distress pain and suffering and injury to reputation in an amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiff and other similarly situated employees punitive damages;

E. Awarding Plaintiff and other similarly situated employees compensatory damages, lost wages and benefits, back and front pay, damages for personal injury, emotional and mental injuries, distress, pain and suffering damages, liquidated damages, civil penalties and fees, arising out of violation of the Americans with Disabilities Act, 42 U.S.C. 12122, et seq., Title VII of the Civil Rights Act of 1964, NYSHRL, New York City

Human Rights Law, New York City Administrative Code, and other, yet unnamed statutes, authorities, case law, and bases for relief;

F. Awarding Plaintiff and other similarly situated employees' attorney's fees, costs, and expenses incurred in the prosecution of the action; awarding such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: April 14, 2015
New York, New York

MARZEC LAW FIRM, P.C.

Darius A. Marzec, Esq.
Attorney for Plaintiff
225 Broadway, Suite 3000
New York, New York 10007
(212) 267-0200

## VERIFICATION

STATE OF OHIO        )
                           )ss.:
COUNTY OF _FRANKLIN_ . )

         CHAD SEIBER, being duly sworn, deposes and says:

         I am the Plaintiff herein. I have read the foregoing COMPLAINT and know the contents thereof and that same is true to the best of my knowledge, except as to those matters herein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
CHAD SEIBER

Sworn to before me this
_14_ day of April 2015



RYAN A. STRONG
Notary Public, State of Ohio
My Comm. Expires 12/04/2019

Notary Public

## CERTIFICATE OF CONFORMITY

I, ~~Chad Seiber~~ RYAN STRONG. , a duly licensed notary public in the _OHIO_ . , affirm under penalty of perjury and certify that I witnessed the signature of Chad Seiber as applied to the documents annexed to this certificate, which was signed and dated on April _14_ , 2015. The matter in which was signed was, and is, in accordance with, and conforms to, the laws for taking oaths at acknowledgments, in _FRANKLIN, OHIO_ .

Dated: April _14_ , 2015

RYAN A. STRONG
Notary Public, State of Ohio
My Comm. Expires 12/04/2019

Notary Public

Exhibit A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New York District Office

33 Whitehall Street, 5ᵗʰ Floor
New York, NY 10004-2112
(212) 336-3620
TTY (212) 336-3622
FAX (212) 336-3625

Chad Seiber
98 Bright Street, Apt. #1 R
Jersey City, NJ 07302

Re:     Seiber v. American Express
        EEOC Charge No. 520-2014-02660

Dear Mr. Seiber

The Equal Employment Opportunity Commission ("EEOC" or "Commission") has reviewed your charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce. In accordance with these procedures, we have evaluated your charge based upon the evidence provided.

You allege that you were discriminated against by American Express ("Respondent") on the basis of your race, sex, and disability. Respondent's position statement has been previously shared with you. Your rebuttal to this position statement has been received and reviewed.

Based upon a review of information and documents submitted by you and the Respondent, the Commission is unable to conclude that the information establishes a violation of Federal law on the part of the Respondent. Although you may disagree with this determination, it is very unlikely that EEOC would find a violation if it invested additional resources. Therefore, the EEOC has decided not to further pursue its investigation of this charge and no further action will be taken by the Commission regarding this matter.

Enclosed is your Notice of Dismissal and Right to Sue. This determination is final. If you wish to pursue this matter on your own, you may file a lawsuit against the Respondent named in your charge in Federal District Court **within 90 days of receipt of your Notice of Dismissal and Right to Sue.** Please contact Federal Investigator Debra L. Richards at (212) 336-3768 if you have any questions regarding this matter.

Sincerely,

*Debra L. Richards*                    for

Kevin J. Berry
District Director

MAR 2 4 2015
_____
Date

Enc.

cc: Darius A. Marzec, Esq.
    MARZEC LAW FIRM P.C.
    225 Broadway, Suite 3000
    New York, NY 10007

## DISMISSAL AND NOTICE OF RIGHTS

To:  Chad Seiber
     98 Bright Street
     Apt. #1 R
     Jersey City, NJ 07302

From:  New York District Office
       33 Whitehall Street
       5th Floor
       New York, NY 10004

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2014-02660 | Debra L. Richards, Investigator | (212) 336-3768 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Kevin J. Berry,
District Director

MAR 24 2015

(Date Mailed)

Enclosures(s)

cc:   Attn: Director of Human Resources
      AMERICAN EXPRESS COMPANY
      200 Vesey Street
      New York, NY 10285

Darius A. Marzec, Esq.
MARZEC LAW FIRM P.C.
225 Broadway
Suite 3000
New York, NY 10007